UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY DULNY,

                *Plaintiff*,

-against-

THE RABBI HASKEL LOOKSTEIN SCHOOL *a/k/a* THE RAMAZ SCHOOL,

                *Defendant.*

Case No. 19 Civ. 5481 (LAP)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

       IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Randy Dulny (hereinafter referred to as "Plaintiff"), and counsel for The Ramaz School, sued herein as "The Rabbi Haskel Lookstein School a/k/a The Ramaz School" ("Defendant"), that:

       1.     Any party may designate as "Confidential" any document or information which it, in good faith, believes is confidential business or personal information, including but not limited to: (1) non-public sensitive, medical, financial, or personal information; (2) personal, sensitive information concerning individuals who are not parties to this action; (3) any information or documents that contain, reflect, or pertain to financial or otherwise confidential information regarding the Defendant's business practices or finances; (4) any documents regarding or reflecting the Defendant's policies, practices or procedures; (5) any information or documents that contain, identify, reflect or relate to personal information of any employee or former employee, independent contractor or consultant of Defendant, including, but not limited to, any information relating to his or her private contact information, social security number, salary, compensation, benefits, medical information, personnel file, performance evaluations,

disciplinary history and/or other such information; (6) attorney-client privileged communications and/or attorney work-product; or (7) any photographs or video footage depicting individuals who are not parties to this litigation ("Confidential Information"). Entering into this Stipulated Confidentiality Agreement and Protective Order (the "Agreement") shall not constitute an acknowledgement by the parties that material designated as "Confidential" is in fact confidential and such designation shall have no precedential or evidentiary value. The parties are entering into this Agreement in order to facilitate discovery.

2. Any material designated as "Confidential" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action or proceeding. However, nothing contained herein shall prohibit Defendant from using confidential documents it produces in this lawsuit in the operation of its business.

3. No designation of confidentiality shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his or her client that the designated matter is kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

4. This Agreement will extend to any information or materials derived from a source other than a party to this litigation if that source was contacted solely in regard to this litigation, and if the information or materials received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential."

5. No designation of "Confidential" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Any confidential

designation which is inadvertently omitted prior or subsequent to the entry of this Agreement may be corrected by written notification to opposing counsel.

6. "Confidential" documents or information may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties to this litigation including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting such counsel in this action; (iv) Defendant and its employees; (iv) Plaintiff; (v) non-party deponents; (vi) expert witnesses; or (vii) Defendant's insurers. Disclosure of "Confidential" documents or information to any such individual will be restricted to such "Confidential" documents or information as counsel reasonably and in good faith believe need be disclosed to the individual in order for counsel properly to prepare the case for trial.

7. Any information or material designated "Confidential" shall be disclosed only to those persons designated in paragraph 6(v) and (vi): (a) who shall have read this Agreement; and (b) who, prior to the receipt of any "Confidential" documents or information shall agree to be bound by the terms hereof. After such person has read the Agreement, he or she shall be required to sign a copy of the Agreement or such other documents acknowledging that he or she shall abide by its terms. The parties agree to obtain and retain a signed copy of the Agreement or such other document from non-party deponents and expert witnesses to whom "Confidential Material" is disclosed. Nothing herein shall prevent disclosure beyond the terms of this Agreement if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

8. If any party or counsel wishes to use or inquire into "Confidential" documents or information at any deposition, the portion of the deposition transcript that relates to the "Confidential" documents or information shall be designated and treated as "Confidential" and shall be subject to the confidentiality/protective provisions herein.

9. A party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential" is not entitled to such status and protection. The party or other person who designated the document as "Confidential" shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

10. In the event that Plaintiff or Defendants wish to file any "Confidential" documents or information with the Court prior to trial, the parties shall: (1) file said "Confidential" document or information pursuant to any court established directions or procedures for handling such material; or (2) in the absence of any court established directions or procedures, take steps necessary to ensure that the "Confidential" documents or information is filed under seal and is maintained by the Court under seal until further Order of the Court.

11. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial. Accordingly, the identification of any information or document as "Confidential" hereunder shall not in any manner limit any parties' ability to introduce such information or document at trial, but each party reserves the right to raise any objection to such information or document being admitted at trial.

12. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. If "Confidential" documents or information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall resist such subpoena or order by immediately notifying the person or entity of this Agreement, shall provide the requesting person or entity a copy of this Agreement, and in any event shall not provide or otherwise disclose such documents or information without first notifying counsel for the party claiming confidentiality in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification

number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

15. This Agreement is intended only to govern the procedures for disclosure of confidential documents, material and information. Nothing contained in this Agreement is intended to, or shall be construed to, waive any objections by any party, including, but not limited to, objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action.

16. Nothing contained in this Agreement shall be construed to prevent any party from making applications to the Court for revision of the terms of this Agreement.

17. At the termination of this litigation, all originals and copies of "Confidential" documents and all originals and copies of excerpts thereof shall be returned to the producing party or at the option of the producing party be destroyed within thirty (30) business days of the termination of the litigation.

LIDDLE & ROBINSON, L.L.P.  
1177 Avenue of the Americas, 5th Floor  
New York, NY 10036

By: _____  
    Edgar M. Rivera, Esq.

JACKSON LEWIS P.C.  
666 Third Avenue  
New York, NY 10017

By: /s/ Lori D. Bauer  
    Lori D. Bauer, Esq.  
    Damon W. Silver, Esq.

Date: _____

Date: 5.26.20

ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR DEFENDANT

SO ORDERED

_____
Hon. Loretta A. Preska

4811-6937-4907, v. 1